## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PHILLIP MICHAEL ERAVI,

        Plaintiff,

        v.

KELLY JONES, et al.,

        Defendants.

Case No. 5:25-CV-04087-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Phillip Michael Eravi brings this action against Defendants Kelly Jones, Ronald Gordon-Ross, Bailey Salsbury, Lindsay Bishop, Jeanice Kerr Swift, and Unified School District No. 497, Douglas County, Kansas, arising out of restrictions imposed on his speech and participation at Lawrence Public Schools Board of Education meetings and related exclusions from school district property. Plaintiff alleges that Defendants violated the United States Constitution. This matter is now before the Court on Defendants' Motions to Dismiss (Docs. 10, 14, 27, 29, 31). The motions are fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Defendants' motions, but also grants Plaintiff leave to amend.

Every Defendant except Jones moves to dismiss under Federal Rule of Civil Procedure 8.[1] Nevertheless, the Court may also address Rule 8 deficiencies *sua sponte*.[2] Rule 8 provides that a pleading must contain "a short and plain statement" of the claims and that its allegations be "simple, concise, and direct."[3] "The purpose of [Rule 8] is to eliminate prolixity in pleading and

---

[1] Defendants also move to dismiss under Rule 12(b)(6). As discussed further below, because the Court dismisses the Complaint under Rule 8, it does not reach Defendants' Rule 12(b)(6) arguments.

[2] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).

[3] Fed. R. Civ. P. 8(a)(2), (d)(1).

to achieve brevity, simplicity, and clarity."[4]  A pleading should not be so lengthy or complex that it places an undue burden on a responding party.[5]  Failure to provide a short and plain statement that complies with Rule 8 is sufficient grounds to dismiss a complaint.[6]  This is a matter within the district court's discretion.[7]

Here, the Complaint is neither short nor plain.[8]  It spans 100 pages and contains 259 numbered paragraphs, many of which consist of multiple sentences and extended narrative rather than concise factual allegations.  Moreover, many of the paragraphs contain "considerable commentary and legal arguments that serve little purpose other than to muddy the waters," rather than clearly identify the factual basis for Plaintiff's claims.[9]  The Complaint also reproduces lengthy, single-spaced transcript excerpts from school board meetings that occupy a substantial portion of the pleading.  But "[a] Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims."[10]  The Complaint also devotes significant attention to the actions, comments, and alleged constitutional injuries of Carrie Schmidt and Justin Spiehs, even though neither individual is a party to this lawsuit.

These irrelevant and argumentative allegations bury the material allegations pertinent to Plaintiff's claims against Defendants and make it unnecessarily difficult to discern which facts

---

[4] *Chavez v. Huerfano County*, 195 F. App'x 728, 730 (10th Cir. 2006) (quoting *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)).

[5] *D.M. by and through Morgan v. Wesley Med. Ctr. LLC*, No. 18-2158-KHV-KGG, 2018 WL 4222382, at *3 (D. Kan. Sept. 5, 2018).

[6] *Mann v. Boatright*, 477 F.3d 1140, 1147–48 (10th Cir. 2007).

[7] *Schupper v. Edie*, 193 F. App'x 744, 745 (10th Cir. 2006).

[8] *See* Doc. 1.

[9] *Baker v. Blue Valley Sch. Dist. USD 229*, No. 2:21-cv-02210-HLT-TJJ, 2021 WL 2577468, at *5 (D. Kan. June 23, 2021).

[10] *Chavez v. Huerfano County*, 195 F. App'x 728, 730 (10th Cir. 2006) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512–13 (2002)).

support which claims.  And "it is not the job of the Court or the opposing parties to sort through a pleading to try to construct a plaintiff's claims."[11]

Accordingly, the Court finds that Plaintiff's Complaint fails to satisfy Rule 8 and dismisses the Complaint without prejudice.  However, given the early stage of this litigation, the Court will permit Plaintiff an opportunity to amend.  To ensure that the issues identified in this Order are not repeated, any amended complaint must comply with Rule 8, must not exceed 25 pages in length, and must be filed within 21 days of the date of this Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Dismiss (Docs. 10, 14, 27, 29, 31) are **granted**.  However, the Court also grants Plaintiff leave to amend within 21 days of the date of this Order.  Any amended complaint must comply with Rule 8 and shall not exceed 25 pages in length.

**IT IS SO ORDERED.**

Dated: March 31, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] *Givens v. City of Wichita*, No. 6:23-cv-01033-HLT-TJJ, 2024 WL 1198503, at *7 (D. Kan. Mar. 20, 2024).